McIlvaine. J.
Section 3181 of the Revised Statutes provides that “ a person who performs labor or furnishes machinery or material . . . for erecting,n altering, repairing or removing a house, mill, manufactory or other building . . . by virtue of a contract with the owner or his authorized agent, shall have a lien,” &c.
While it is plain to our minds that the contract, which is made essential by this statute to the existence of a mechanic’s lien, may be either .express or implied; and, further, that it is not necessary that the contract should stipulate for such lien, or, even, that the labor or material should be furnished with an existing intention to perfect a lien on the property; nevertheless, we are satisfied that if such labor or material bo furnished upon an understanding or agreement, either expressed or implied, that no such lien will be asserted, then the right to assert it is waived and cannot be enforced against a subsequent purchaser or lienor.
The understanding between these parties, as evidenced by a long continued usage and mode of dealing between them, namely, to open and run mutual accounts between them in relation to their respective lines of business, and at the end of every six months to adjust the balance and execute a note for the same payable in four months, was inconsistent with the right to perfect a mechanic’s lien for labor or materials furnished, *328 there being no showing of any contract other than such as may be implied from their mode of dealing with each other.
The several items embraced in the mutual accounts between these parties, upon which the alleged lien is claimed to be based, were undoubtedly furnished in reference to this understanding and constituted simply a running account between the parties, based solely upon the personal responsibility of the debtor. Some items in the account were, others were not, within the scope of the statute, which circumstance strongly tends to show that credit was given on the personal responsibility of the Iron Company and in pursuance of the previous understanding of the parties, which was entirely too vague and indefinite to constitute a contract within the meaning of the statute.

Judgment reversed aznd ecmse remanded.